UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTY DUNAWAY,

    Plaintiff,

v.                                  Case No: 2:17-cv-409-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Kristy Dunaway seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the Joint Memorandum (Doc. 16) and the applicable law. For the reasons discussed herein, the decision of the Commissioner is AFFIRMED.[1]

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Doc. 12.

I. Issue on Appeal[2]

Plaintiff raises one issue on appeal: whether substantial evidence supports the administrative law judge's ("ALJ") finding that Plaintiff engaged in substantial gainful activity ("SGA") after the alleged onset date of disability.

II. Summary of the ALJ's Decision

Plaintiff filed her applications for DIB and SSI[3] on October 4, 2013 and October 22, 2013, respectively, alleging her disability began on July 25, 2013 due to muscular dystrophy, severe anemia and anxiety. Tr. 70, 77, 159-73. Plaintiff's claims were denied initially and upon reconsideration. Tr. 92-95, 100-105. On March 27, 2014, Plaintiff requested a hearing before an ALJ. Tr. 106-07.

On October 1, 2015, ALJ Hortensia Haaversen held a hearing; and on May 3, 2016, the ALJ issued a decision finding Plaintiff not disabled from July 25, 2013 through the date of the decision. Tr. 17-23, 28. The ALJ found as an initial matter Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. Tr. 19. At step one of the sequential process, the ALJ found Plaintiff had engaged in SGA since the alleged onset date of July 25, 2013. *Id.* As a result, she found Plaintiff was not disabled from July 25, 2013 through the date of the decision. Tr. 23. The Appeals Council denied Plaintiff's request for review, and

---

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.")

[3] The ALJ does not reference Plaintiff's SSI application in her decision, but it is part of the record, and the parties mention the application in the Joint Memorandum. Tr. 166-73; Doc. 16 at 1. Plaintiff does not raise this issue on appeal.

Plaintiff subsequently filed a Complaint with this Court. Tr. 1, Doc. 1. The matter is now ripe for review.

## III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[4] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

"In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580,

---

[4] After the ALJ issued the decision, certain Social Security regulations were amended, including the regulations concerning the evaluation of employees and self-employed individuals. *See* 20 C.F.R. §§ 404.1574, 404.1575, 416.974, 416.975 (effective Nov. 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *See Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).

584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

IV. Discussion

A. *Summary of relevant evidence and testimony*

Plaintiff is the owner and sole proprietor of a tree and lawn care business, Dunaways Lawn and Tree Care LLC, and her sole employee is her husband. Tr. 32-33, 279-80. In an initial disability report from October 2013, Plaintiff stated she worked approximately three hours per day, two days per week and earned six hundred dollars per month. Tr. 280, 287. In a work history report from November 2013, Plaintiff reported she was the owner of the business and worked one to one and a half hours per day, three to four days per week and was earning six hundred dollars per month. Tr. 302, 308. Plaintiff described her job responsibilities in that report as balancing the business's checkbook and paying bills. Tr. 302.

Plaintiff and her husband reported business income on their joint tax returns of $16,697 for 2013; $17,234 for 2014; and $31,278 for 2015. Tr. 194, 229, 272. Plaintiff's Schedule C forms similarly list net profits of $16,697 for 2013; $17,234 for 2014; and $31,278 for 2015. Tr. 197, 231, 274. Her Schedule C forms for each year also list her as the sole proprietor of the business and state she participated

"materially" in the operation of the business. *Id.* The tax returns list wages of $10,800 for 2013; $12,400 for 2014; and $12,900 for 2015, and the record includes Plaintiff's husband's W-2 forms from 2013 and 2014. Tr. 196, 197, 231, 249, 274. Plaintiff's records also show countable earnings of $15,419 in 2013; $15,915 in 2014; and $28,885 in 2015. Tr. 264.

The record also contains a letter from Plaintiff's husband, Joseph Dunaway, written in September 2015. Tr. 348-49. In the letter, Mr. Dunaway wrote he and Plaintiff started the business about three and a half years earlier. Tr. 349. Mr. Dunaway wrote Plaintiff had muscular dystrophy and her condition worsened about a year after they started the business, forcing Plaintiff to stop performing field work responsibilities. *Id.* Mr. Dunaway stated Plaintiff instead only performed duties such as "phone calls and light book keeping[,]" and he "had to take over all aspects of the business." *Id.*

Plaintiff testified at the hearing on October 1, 2015 that her husband took over running the business about two and a half years prior. Tr. 31. She stated she received an income from the business because it was in her name. Tr. 31-32. Plaintiff further testified her monthly income varied, and she earned six hundred dollars per month on average and as much as one thousand dollars per month at maximum. Tr. 33. She stated her husband is the business's only employee, and she pays him a weekly salary. *Id.* Further, she testified any additional earnings were paid to her as profit, and there is "extra" at the end of the year when she does her taxes. *Id.*

### B. Legal framework

At step one of the sequential process, the claimant must prove she is not engaged in SGA. *Currie v. Comm'r of Soc. Sec.*, 471 F. App'x 858, 859 (11th Cir. 2012) (citing 20 C.F.R. § 404.1520(a)(4)(i)). If the Commissioner determines the claimant is working and that work is SGA, the Commissioner must find the claimant is not disabled regardless of the alleged medical condition and without consideration of the remaining steps in the sequential process. *Pritchard v. Barnhart*, 140 F. App'x 815, 818 (11th Cir. 2005). To evaluate whether a self-employed claimant such as Plaintiff engaged in SGA, the Commissioner uses three tests: (1) the significant services and substantial income test; (2) the comparability of work test; and (3) the worth of work test. 20 C.F.R. §§ 404.1575, 416.975; SSR 83-34, 1983 WL 31256 (Jan. 1, 1983). Under the applicable regulations, if the Commissioner finds the claimant has engaged in SGA under the first test, the Commissioner need not consider the other two tests. *See* 20 C.F.R. §§ 404.1575, 416.975; SSR 83-34, 1983 WL 31256.

Under the significant services and substantial income test, the Commissioner will find a self-employed claimant has engaged in SGA if the claimant "render[s] services that are significant to the operation of the business and receive[s] a substantial income from the business." 20 C.F.R. §§ 404.1575(a)(2)(i), 416.975(a)(1); SSR 83-34, 1983 WL 31256. A self-employed owner of a business involving more than one person is rendering significant services if the owner "contribute[s] more than half the total time required for the management of the business, or [the owner] render[s] management services for more than 45 hours a month regardless of the

total management time required by the business." 20 C.F.R. §§ 404.1575(b)(1), 416.975(b)(1); SSR 83-34, 1983 WL 31256. Although the number of hours worked is important, however, the Commissioner "will not decide whether or not [a claimant is] doing substantial gainful activity only on that basis." 20 C.F.R. §§ 404.1573(e), 416.973(e). The Commissioner "will still evaluate the work to decide whether it is substantial and gainful regardless of" how much time the claimant spends working. *Id.*

To evaluate whether a claimant earns substantial income, the Commissioner first determines "countable income" by deducting the "reasonable value of any significant amount of unpaid help" and "impairment-related work expenses" from the claimant's net income. 20 C.F.R. §§ 404.1575(c)(1), 416.975(c); SSR 83-34, 1983 WL 31256. The Commissioner considers countable income to be "substantial" if it "averages more than the amounts described in [20 C.F.R.] § 404.1574(b)(2)" or it averages less than those amounts but is "comparable to what it was before [the claimant] became seriously impaired" or comparable to average income of unimpaired persons in similar fields. 20 C.F.R. §§ 404.1575(c)(2), 416.975(c); SSR 83-34, 1983 WL 31256. Further, countable income above the income limits in the regulations creates a rebuttable presumption in favor of a finding that the claimant engaged in SGA. 20 C.F.R. §§ 404.1574(b)(2), 404.1575(c)(2)(i), 416.974(b)(2)(i), 416.975(c)(1); *see Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991). The presumption applies to self-employed claimants as well as employees. *See Johnson*, 929 F.2d at 598 (applying income presumption to self-employed claimant).

Next, under the comparability of work test, a claimant has engaged in SGA if the claimant's "work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [the claimant's] community who are in the same or similar businesses as their means of livelihood." 20 C.F.R. §§ 404.1575(a)(2)(ii), 416.975(a)(2); SSR 83-34, 1983 WL 31256. Under the worth of work test, a claimant has engaged in SGA if the claimant's "work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [20 C.F.R.] § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work [the claimant] is doing." 20 C.F.R. §§ 404.1575(a)(2)(iii), 416.975(a)(3); SSR 83-34, 1983 WL 31256.

C. *Analysis*

The ALJ here found Plaintiff engaged in SGA during the relevant time period through her self-employment at her business. Tr. 19-20, 23. The ALJ thoroughly analyzed the record, including Plaintiff's testimony and income tax returns from 2013-2015. Tr. 22-23. Under each of the SGA tests, the ALJ found Plaintiff's work activity qualified as SGA. Tr. 19-23; *see* 20 C.F.R. § 404.1575; SSR 83-34, 1983 WL 31256; *see also* 20 C.F.R. § 416.975.

First, under the significant services and substantial income test, the ALJ found that Plaintiff rendered significant services to the business. Tr. 20; *see* 20 C.F.R. § 404.1575(a)(2)(i); SSR 83-34, 1983 WL 31256; *see also* 20 C.F.R. § 416.975(a)(1). The ALJ noted Plaintiff admitted at the hearing she performs "at least some services for

the business" including administrative functions, has only one employee (her husband), and earns between six hundred and one thousand dollars per month with "extra earnings at the end of the year." Tr. 20. The ALJ found Plaintiff's admitted work activities combined with her countable income was "tantamount" to at least 45 hours of work per month. *Id.* The ALJ also stated Plaintiff "holds herself out" as the owner of the business on her tax returns[5] and pays her husband a salary of about three hundred dollars per week. Tr. 20, 22. Further, the ALJ found Plaintiff earned substantial income from the business. Tr. 20. The ALJ calculated Plaintiff's countable income as $15,419 for 2013; $15,915 for 2014; and $28,885 for 2015, determining these amounts are above the limits set forth in the regulations that define substantial income and create a rebuttable presumption in favor of a finding of SGA. Tr. 20-21; *see* 20 C.F.R. §§ 404.1574(b)(2)(i), 404.1575(c)(2)(i); *Johnson*, 929 F.2d at 598; *see also* 20 C.F.R. §§ 416.974(b)(2)(i), 416.975(c)(1). Thus, the ALJ found Plaintiff was engaged in SGA under the first test. Tr. 20.

Next, the ALJ considered the comparability of work and worth of work tests[6] and whether Plaintiff's work activity qualifies as SGA under those tests. Tr. 21. The ALJ first considered the comparability of work test, which requires a

---

[5] Plaintiff's federal income tax returns from 2013, 2014 and 2015 also show Plaintiff represented she "materially participate[d]" in the operation of the business each year. Tr. 197, 231, 274.

[6] An ALJ may, but is not required to, consider the next two tests if she finds a claimant engaged in SGA under the first test. *See* 20 C.F.R. §§ 404.1575, 416.975; SSR 83-34, 1983 WL 31256. Here, after determining Plaintiff was engaged in SGA under the first test, the ALJ proceeded to consider the comparability of work and worth of work tests. Tr. 21.

determination of whether the significance of the claimant's services performed are comparable to those performed by unimpaired individuals in similar fields, and determined that Plaintiff engaged in SGA under that test. *Id.* (citing SSR 83-34, 1983 WL 31256); *see also* 20 C.F.R. §§ 404.1575(a)(2)(ii), 416.975(a)(2). The ALJ explained:

> As for comparability with unimpaired individuals in the community, based on her testimony about her job duties as a bookkeeper, the vocational expert was able to identify a job in the DOT analogous to the one [Plaintiff] performs . . . [and] [Plaintiff] holds herself out as a business owner by identifying herself as such on her tax returns without attaching any addendum to explain how her role as a business owner is any different or more limited than any other similarly situated business owner.

Tr. 22 (citations omitted).

The ALJ next considered the worth of work test, which determines whether the work performed by the claimant is clearly worth the amount of countable income calculated in terms of value to the business. Tr. 21-22 (citing SSR 83-34, 1983 WL 31256); *see also* 20 C.F.R. §§ 404.1575(a)(2)(iii), 416.975(a)(3). The ALJ discussed:

> As for livelihood and comparability of lifestyle expectations before and after the alleged onset date, there is no indication of major changes in this area either through the tax returns or other evidence[.] [Plaintiff] and her husband have not sold or lost a home, [Plaintiff] has not had to sell or close her business, and there is no evidence of such changes generally. In other words, there is no evidence of a reduction of business efficiency, an increase in expenses, or a reduction in profits since July 2013. To the contrary, 2015 profits have significantly increased[.] However, there remains only one employee and no evidence of unpaid help.

Tr. 22 (citations omitted).

The ALJ also noted testimony from Plaintiff that "she does nothing for [the] money" she receives, and a letter from Plaintiff's husband explaining that Plaintiff now performs only "light bookkeeping" and stating the husband has "taken over all aspects of the business[,]" but explained that the evidence in the record does not support those assertions. Tr. 19, 22-23. Further, the ALJ found Plaintiff's testimony to be "less than persuasive" due to a number of contradictory statements and "various inconsistencies" in the testimony. Tr. 22. The ALJ explained some of the problems with Plaintiff's testimony:

> [Plaintiff] testified that three of her children have serious medical conditions and yet she also testified that her children have to take care of her because she cannot do anything for herself. She also testified that her fingers do not work to the extreme extent that she cannot get the pills out of a bottle to give her child medication, but she is still driving. In fact, [Plaintiff] testified that she takes the kids to school and picks them up and she also takes them to the doctor's office.

*Id.*

Plaintiff argues[7] the ALJ erred in finding Plaintiff engaged in SGA because although "Plaintiff did receive significant amounts of income from her family's tree and lawn care business," she received the money because of her status as the owner of the business, not because she provided substantial services. Doc. 16 at 6. She further asserts her testimony that she worked no more than "one to one and a half hours per day" was not contradicted and that the ALJ's "inference that Plaintiff's actual hours must have been much greater than she claimed" was not supported by

---

[7] Plaintiff cites no case law in support of her arguments in the Joint Memorandum. *See generally* Doc. 16.

the record. *Id.* at 11. The Commissioner responds that Plaintiff's countable income is well above the SGA limits, and the ALJ's finding that Plaintiff's work activity was equivalent to or greater than 45 hours per month was supported by the record. *Id.* at 16. Further, the Commissioner characterizes Plaintiff's arguments against the ALJ's SGA finding as "unsupported and generalized arguments" that attempt to shift the burden to the Commissioner at step one. *Id.* at 17.

The Court finds substantial evidence supports the ALJ's determination that Plaintiff engaged in SGA during the relevant time period. In a factually similar case decided by the Eleventh Circuit, *Johnson*, a self-employed plaintiff appealed the ALJ's denial of disability benefits. 929 F.2d at 597. The ALJ had determined the plaintiff was engaged in SGA through work activities at his self-owned surveying company. *Id.* After the alleged onset of his disability, the plaintiff claimed he was no longer able to perform the field work involved, and instead his wife and son assumed field work duties while the plaintiff was "relegated to drawing maps and signing plats made by his son." *Id.* The plaintiff continued to receive monthly income that was well over the monthly limit, however, which the court found "creates the presumption of a substantial gainful activity under the regulations[,]" and he continued to run the business as its owner. *Id.* at 598.

The plaintiff in *Johnson* attempted to "rebut the presumption" created by his countable income "by showing: (1) his income was profit earned by the business known as Johnson Land Surveying; (2) the income was mainly attributable to the efforts of his wife and son; [and] (3) plaintiff, while having some participation in the

business, did not . . . contribute to the majority of the earnings[.]" *Id.* The Eleventh Circuit affirmed the denial of benefits and found the plaintiff failed to rebut the presumption, noting that although the plaintiff contended the income from the business is "attributable to the efforts of his son and wife," the son and wife were separately compensated, and thus the "profit . . . is properly attributed to [the plaintiff's] services." *Id.*

Similarly here, Plaintiff is the sole proprietor of her business and her only employee is her husband. Tr. 19-20. Plaintiff also admitted to performing at least some services for the business after her alleged onset date, although she has been unable to perform field work responsibilities. Tr. 20. She has countable income for the years since the alleged disability onset date that exceeds SGA limits under the regulations. Tr. 20-22. Also, like in *Johnson*, although Plaintiff claims most of the business income is attributable to her husband's efforts, the husband is separately compensated; thus the profits can be properly attributed to Plaintiff for purposes of the SGA determination. Tr. 20-21; *see* 190 F.3d at 598. Further, as the ALJ noted, Plaintiff's income from 2013 to 2015 is above the SGA limits, there is no evidence that Plaintiff's business reduced in efficiency following her alleged onset date, and Plaintiff's business increased its profit each year from 2013 to 2015. Tr. 21-22. Plaintiff further testified that her responsibilities changed in late 2012, before her alleged onset date, and have apparently remained the same or similar since then. Tr. 22. Plaintiff listed herself as the sole proprietor of the business in the Schedule C documentation in her federal income tax returns for 2013, 2014 and 2015. Tr. 197,

231, 274.  Further, for each year, in response to a question asking whether Plaintiff "materially participate[d] in the operation of [the] business" for the applicable tax year, Plaintiff answered in the affirmative.  *Id.*  Therefore, substantial evidence supports the ALJ's determination that Plaintiff failed to prove at step one she was not engaged in SGA.

Finally, to the extent Plaintiff argues the ALJ improperly discredited Plaintiff's testimony, the Court finds substantial evidence supports the ALJ's credibility determination.  The Eleventh Circuit has long recognized that "credibility determinations are the province of the ALJ."  *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (citation omitted).  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."  *Foote*, 67 F.3d at 1562.  Here, the ALJ provides an extensive and specific factual basis for her credibility determination and the Court finds it reasonable given the various inconsistencies and contradictions in Plaintiff's testimony and explanations of her role in the business.  Tr. 19, 21-22.

## V.     Conclusion

Upon review of the record, the Court concludes the ALJ applied the proper legal standards, and substantial evidence supports her determination that Plaintiff was not disabled.

ACCORDINGLY, it is

**ORDERED:**

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of August, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record